MARYLAND STATE LIBRARY

## UNION COUNTY vs. COWSER.

A collector is entitled to commissions only when he collects the taxes; and if he fails to take the tax book, and it is delivered to his successor, he has no claim for commission on the taxes collected by his successor.

*Appeal from Union Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for the appellant.

Mr. Justice FAIRCHILD delivered the opinion of the court.

At the August election of 1858, Robert Sewell was elected sheriff of Union county, as successor to Cowser, the former sheriff. In October, 1858, the latter gave his receipt for the tax book of that year, but did not remove it from the clerk's office, and did not collect any of the taxes. In January, 1859, Sewell having in the meantime qualified as sheriff, was also required to give bond as collector of the taxes for 1858, and the tax book was given to him by the clerk under the direction of the county court. Sewell collected the taxes and made his settlement with the county court, whereupon Cowser filed an account against Union county, claiming that he was entitled to commissions on the amount collected by Sewell as if he had collected it himself, he being the lawful collector of the taxes for 1858. The claim of Cowser was disallowed by the county court: he appealed to the circuit court, which reversed the judgment of the county court, tried the case anew, and rendered a judgment for Cowser. The county appealed to this court.

The law gives commissions only for the collection of taxes. Cowser did not collect the taxes of 1858, and he had no demand against the county as pay for services he did not perform. Whether Cowser or Sewell was entitled to the tax book of 1858, and, consequent upon the actual collection of the taxes, which of them should have received the pay allowed by the law for such collection, are not questions before this court.

The county court properly rejected the claim of Cowser: the circuit court improperly set aside its rejection, and the judgment of the circuit court is reversed, and the cause is remanded, with directions to affirm the judgment of the county court.